THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RONALD O. LATRAY, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF MONTANA, <br><br> Defendant. | CV 17-00092-BLG-SPW-TJC <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Ronald Latray, a prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and a Petition for Declaratory Judgment (Doc. 2) which has been construed as a civil complaint. The motion to proceed in forma pauperis will be granted, but the Complaint fails to name a proper Defendant, and his claims are barred based upon the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Complaint should be dismissed.

I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Latray's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 3.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Because he is incarcerated, Mr. Latray must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Although Mr. Latray did not submit six-months

of account statements, the account statements he did submit are sufficient to demonstrate that he has insufficient funds to pay an initial partial filing fee. The initial partial filing fee will therefore be waived and Mr. Latray may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").

Mr. Latray will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Latray must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. Latray is held to forward payments from Mr. Latray's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF THE CASE

### A. Parties

Latray is a prisoner proceeding without counsel. He is incarcerated at the Montana State Prison. The named Defendant is the State of Montana.

B. **Allegations**

Mr. Latray asks the Court to examine his motion to suppress filed in his state court criminal action, and determine what rights he is "entitled and/or legal relations under the Constitution and laws of the United States thereby issuing declaratory judgment" on his behalf. (Doc. 2 at 1.)

In the Motion to Suppress, which is attached to his Complaint, Mr. Latray alleges that on March 24, 2015, Highway Patrol Officers Schuler and Baukema purposely violated a Montana motor vehicle statute, and purposely endangered Mr. Latray's person and property by accelerating their vehicle to exceed the speed limit. The motion to suppress describes the circumstances as follows:

> On or about March 24, 2015, Montana Highway Patrol Officer Toman Baukema was working an assigned shift in uniform and riding as a passenger in a marked Montana Highway Patrol vehicle in Yellowstone County, Montana. Probationary Trooper Daniel Schuler (hereinafter, PT Schuler), also in uniform, was driving the patrol vehicle. The events which occurred were recorded by the in-car video camera of this patrol vehicle. PT Schuler wrote in his police report they were traveling southbound on South 27th Street to look for a vehicle alleged to have been involved in a traffic complaint. He further noted that as they traveled southbound on South 27th Street, a green Chevrolet pickup truck, which was also traveling southbound on South 27th Street "suddenly merged into (his) lane while alongside [him] in an attempt to take the on ramp as well." PT Schuler stated in his report that he was "forced to slam on [his] brakes and move to the right shoulder to keep from being hit." Shortly afterward, PT Schuler turned on his overhead lights and conducted a traffic stop on the truck.

3

> However, the video of the incident demonstrates that a very different sequence of events took place. The start of the recording depicts PT Schuler driving southbound in the 1200 block of South 27th Street. South 27th Street is a four lane road at this segment, with two southbound lanes and two northbound lanes separated by a raised median. The recording depicts a green and tan pickup truck traveling southbound in the leftmost of the two southbound lanes. Subsequent investigation revealed that this green and tan truck was being driven by Mr. Latray. PT Schuler was initially traveling behind Mr. Latray's truck, and in the same lane. Latray's vehicle actually ever crossed over the lane marker prior to PT Schuler's slowing maneuver. Thus, the video demonstrates that Mr. La Tray was traveling at or slightly below the posted limit, signaled his lane change, and was in the process of making a lawful lane change at the same time that PT Schuler was violating the law by exceeding the posted speed limit. PT Schuler also was in the process of improperly passing on the right, in contravention of Mont. Code Ann. § 61-8-324(2). A review of the video and the reports of Trooper Baukema and PT Schuler demonstrates that prior to the time Mr. La Tray was pulled over, the Troopers had observed no infractions of any law by Mr. Latray. The sole basis for the stop was the incident relating to PT Schuler's exceeding the posted speed limit and improperly passing on the right.

(Suppress Brf, Doc. 2-1 at 2-3.)

## II. PRESCREENING

**A. Standard**

Mr. Latray is a prisoner proceeding in forma pauperis so his Amended Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.

   B.  **Analysis**

      1. **State of Montana**

The State of Montana is not a proper party to this action. The Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. The State of Montana has Eleventh Amendment immunity from suit in federal court. In addition, states, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Although Mr. Latray is seeking declaratory relief, he

5

does not name a state official in their official capacity. While this is a defect which could potentially be cured by amendment, as set forth below, Mr. Latray's claims are otherwise barred.

### 2. Heck v. Humphrey

Mr. Latray filed a previous action in this Court raising the same issue regarding the stop on March 24, 2015. *Latray v. Schuler, et al.*, Civil Action No. 15-cv-136-BLG-SPW-TCL. In that case, the Court dismissed Mr. Latray's claims arising from the March 24, 2015 stop based upon the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id*.

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

In Mr. Latray's Motion to Suppress filed in Criminal Cause No. DC 15-333 arising from the events on March 24, 2015 (Doc. 2-1), Mr. Latray's counsel challenged the same issues raised in the current Complaint. According to the Yellowstone County Clerk of Court, on February 26, 2016, Mr. Latray pleaded no contest to felony driving under the influence and misdemeanor driving without liability insurance in Criminal Cause No. DC 15-333. On April 13, 2017, the Court sentenced Mr. Latray to 20 years in Montana State Prison with 10-years suspended. (Affidavit of Terry Halpin, Yellowstone County Clerk of District Court filed in *Latray v. Schuler, et al.*, Civil Action No. 15-cv-136-BLG-SPW-TJC, Doc 48.).

Mr. Latray has been convicted of DUI arising out of the incidents on March 24, 2015. He raised issue with the stop in state court and his motion to suppress was denied. *Latray v. Linder, et al.,* Civil Action No. 15-137-BLG-SPW, Petition for Writ of Habeas Corpus, Doc. 1 at 2. He raised this issue previously in this Court and his claims were dismissed based upon *Heck*. *See Latray v. Schuler, et al.*, Civil Action No. 15-cv-136-BLG-SPW-TJC, Docs. 8, 9. He also raised this issue in petitions for writ of habeas corpus filed in the Montana Supreme Court and this Court. *See Latray v. State & Linder*, OP 16-0064, denied February 9,

2016 for failure to demonstrate detention was illegal; *Latray v. Linder, et al.,* Civil Action No. 15-137-BLG-SPW dismissed without prejudice for failure to exhaust state court remedies.

As the Court has previously stated, any judgment in Mr. Latray's favor on these issues would necessarily imply the invalidity of his conviction. As such, Mr. Latray's claims are barred by the *Heck* doctrine and should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint/Petition for Declaratory Relief (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on June 26, 2017.

Further the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Amended Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Latray may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of August, 2017.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.