IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
SEP 25 2017
Clerk, U.S. District Court
District Of Montana
Billings

RONALD O. LATRAY,

Plaintiff,

vs.

STATE OF MONTANA,

Defendant.

CV 17-92-BLG-SPW

ORDER ADOPTING
MAGISTRATE'S FINDINGS
AND RECOMMENDATIONS

Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations filed on August 9, 2017. (Doc. 4). Judge Cavan recommends that this Court dismiss the matter. Latray filed timely objections to the findings and recommendations, entitling him to de novo review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Latray's objections are as follows: (1) Judge Cavan erroneously referred to the complaint as an amended complaint; (2) Judge Cavan erroneously stated Latray sought damages; (3) Judge Cavan erroneously stated Latray previously challenged the issue contained in the complaint; (4) Judge Cavan erroneously concluded the complaint is barred; (5) Judge erroneously concluded a judgment in Latray's favor would necessarily imply the invalidity of his conviction; (6) Judge Cavan

1

erroneously stated the prior case's number; (7) and Judge Cavan erroneously stated he presided over the prior case.

The Court overrules Latray's objections as either meritless or irrelevant to the outcome.

(1) Judge Cavan's reference to the complaint as an amended complaint was inadvertent and irrelevant to the outcome.

(2) Judge Cavan did not erroneously state Latray sought damages. Judge Cavan stated Latray's claim was barred, to the extent it sought money damages, by the Eleventh Amendment.

(3) Judge Cavan did not erroneously state Latray previously challenged the issue in the complaint. Latray's current complaint alleges state officers unconstitutionally stopped his vehicle on March 24, 2015. Latray's previous complaint alleged state officers unconstitutionally stopped his vehicle on March 24, 2015. *Latray v. Schuler, et al.*, Civil Action 15-cv-136-BLG-SPW-TJC (Doc. 7 at 4).

(4) Judge Cavan did not erroneously conclude Latray's complaint is barred. Regardless of whether Latray seeks declaratory relief or money damages, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to bar claims for declaratory relief and money damages).

2

(5) Judge Cavan did not erroneously conclude a judgment in Latray's favor would necessarily imply the invalidity of his conviction. Latray's complaint challenges the legality of the stop of his vehicle on March 24, 2015. If the stop were illegal, it would necessarily implicate Latray's conviction because the conviction is predicated on the stop.

(6) Judge Cavan's erroneous statement of the prior case number was inadvertent and irrelevant to the outcome.

(7) Judge Cavan did not state he presided over Latray's prior case. Judge Cavan's reference to "this Court" was a reference to the district court generally, not to him personally. Latray's prior case was reassigned to Judge Cavan upon Judge Ostby's retirement. *Latray v. Schuler, et al.*, Civil Action 15-cv-136-BLG-SPW-TJC (Doc. 16).

The Court agrees with Judge Cavan in full. Therefore, for the reasons stated in Judge Cavan's findings and recommendations,

IT IS ORDERED that the proposed Findings and Recommendations entered by United States Magistrate Judge Cavan (Doc. 4) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that this matter is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this matter and enter judgment in favor of the Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3

IT IS FURTHER ORDERED that the Clerk of Court is directed to reflect in the docket that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 25th day of September, 2017.

*[signature]*
SUSAN P. WATTERS
United States District Judge